In the Matter of the Accounting of BEN STECKMAN et al., as Executors of JACOB CALMUS, Deceased. COHEN & SEIGEL, Individually and as Attorneys for Executors, Appellants; FANNIE CALMUS, Respondent.— In a final accounting proceeding, the attorneys for the executors, in their own behalf and as such attorneys for the executors, appeal from so much of a decree of the Surrogate's Court, Richmond County, dated September 16, 1959, judicially settling the executor's account, as limited the attorneys' compensation to the sum of $500. The fundamental claim of error is that the Surrogate disregarded: (1) an alleged oral " agreement " by the executors to pay $1,500 to the attorneys for their services; and (2) the value of the realty devised by the decedent's will. Decree insofar as appealed from affirmed, without costs. While the executors' account alleges the " agreement " mentioned, Schedule C-1 thereof left the matter of the fixation of the attorneys' fees to the Surrogate under section 231-a of the Surrogate's Court Act. Under the circumstances, the Surrogate was free to determine for himself the fair and reasonable value of the services rendered by the attorneys. It appears that the Surrogate conducted a hearing, but we find no indication that he disregarded the value of the real property as an operative factor in fixing the compensation allowed. After distribution and payment of administration expenses the net cash amount remaining in the estate is $2,800. Under the circumstances of this case, the Surrogate properly exercised his discretion in fixing $500 as the full compensation of the attorneys for their services (cf. Matter of Wilson, 147 Misc. 542). Nolan, P. J., Beldock, Ughetta, Pette and Brennan, JJ., concur.